DJW/byk/dl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CINERGY COMMUNICATIONS COMPANY,**

                    **Plaintiff,**

                                                            **CIVIL ACTION**

**v.**

                                          **Case  No. 05-2401-KHV-DJW**

**SBC COMMUNICATIONS, INC.,**
**et al.,**

                    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this action for damages, declaratory judgment, and equitable relief arising out of a dispute over billing and payment for telecommunications services. This matter is presently before the Court on Plaintiff's Motion to Strike Defendants' Expert Witnesses (doc. 48).  Plaintiff requests that the Court exclude three of Defendants' designated expert witnesses and prohibit them from testifying at trial based on Defendants' failure, without explanation and substantial justification, to timely provide written reports prepared and signed by these witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(B).   For the reasons explained below, Plaintiff's Motion to Strike Defendants' Expert Witnesses is denied.

**I.**       **Relevant Background Facts**

Under the provisions of the December 15, 2005 Scheduling Order in this case, Plaintiff's deadline to serve its Rule 26(a)(2) disclosures, including reports from retained experts, was June 1, 2006, and Defendants' deadline to serve their disclosures and reports was July 1, 2006.[1]  On June

---

[1]*See* Dec. 15, 2005 Scheduling Order (doc. 16) at ¶ 2g.

1, 2006, the Court entered a Supplemental Order extending the parties' respective expert disclosure deadlines.  Plaintiff's deadline was extended to July 1, 2006, and Defendants' deadline was extended to August 1, 2006.[2]

Plaintiff served its Designation of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2)(A) on June 30, 2006,[3] and Designation of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2)(B) on July 14, 2006.[4]  Defendants requested and received an additional extension of their deadline to submit their expert designation under Fed. R. Civ. P. 26(a)(2)(B).[5] Defendants served their Disclosure of Expert Witnesses on August 15, 2006, which designated four experts:  Jo Shotwell, June A. Burgess, Roman A. Smith, and Chris Read.[6]  Defendants' Disclosure of Expert Witnesses was accompanied by only one written report, prepared by Jo Shotwell.  No reports were provided for the other three designated experts.

Upon receiving Defendants' Disclosure of Expert Witnesses, Plaintiff's counsel e-mailed defense counsel on August 23, 2006 and raised the issue of Defendants' failure to provide written reports for three of the identified experts.  Defendants' counsel responded the next day that Defendants would consider Plaintiff's request and respond in due course.  On August 28, 2006,

---

[2]*See* June 1, 2006 Supplemental Order (doc. 30).

[3]*See* Plaintiff's Notice of Service (doc. 38).

[4]*See* Plaintiff's Notice of Service (doc. 39).

[5]*See* July 18, 2006 Order (doc. 43).

[6]*See* Defendants' Notice of Service (doc. 46).

Plaintiff served its Objections to Defendants' Expert Witnesses[7] and filed its Motion to Strike Defendants' Expert Witnesses currently pending before the Court.

## II.    Discussion and Analysis

Plaintiff requests that the Court exclude three of Defendants' designated experts and prohibit them from testifying at the trial of this matter based upon Defendants' failure to provide written reports prepared and signed by these witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Defendants argue in response that they do not need to provide written reports for these witnesses because their duties do not regularly involve giving expert testimony under Fed. R. Civ. P. 26(a)(2)(B). Defendants state that the three witnesses at issue are employees of companies affiliated with defendant Indiana Bell Telephone Company Incorporated ("Indiana Bell") who perform services on behalf of Indiana Bell.   June A. Burgess is the Area Manager of Finance for AT&T Services, Inc. Roman A. Smith is the Associate Director - AT&T Wholesale, for Southwestern Bell Telephone, L.P.  Chris Read is the Senior Business Manager, IT Project Management, for AT&T Services, Inc.

Defendants assert that these employees are expected to testify as fact witnesses about transactions and communications between Plaintiff and Defendant Indiana Bell as to how the Alternate Billed Services traffic at issue has been handled, reported to Plaintiff, and invoiced by Defendant Indiana Bell.  Defendants state they do not expect any of these witnesses to provide expert opinions within the meaning of Fed. R. Evid. 702, but the witnesses do have expertise and experience in their fields, which may come into play when they testify as to why matters were conducted by Defendant Indiana Bell as they were.  Defendants assert that the employees were

---

[7]*See* Plaintiff's Notice of Service (doc. 49).

designated as potential experts in an abundance of caution to avoid a potential dispute that their testimony involves expertise of an expert not designated.

### A.    Report Requirements of Fed. R. Civ. P. 26(a)(2)(B)

Fed. R. Civ. P. 26(a)(2)(A) requires a party to disclose to other parties the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703 or 705.    Subsection (B) of Rule 26(a)(2) additionally requires that these expert disclosures be accompanied by a written report prepared and signed by any witness who is "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony."[8]    The report shall contain, *inter alia*, a complete statement of all opinions to be expressed and the basis and reasons therefor, along with the data or other information considered by the witness in forming the opinions.[9]

The Court notes that there is a split of authority among courts that have interpreted the report requirement of Fed. R. Civ. P. 26(a)(2)(B).[10]  Some courts have construed the rule broadly to require written reports from all expert witnesses, regardless of the frequency with which any witness provides expert testimony, or whether they were specifically employed to provide expert testimony.[11] Conversely, other courts have adopted an interpretation that more closely tracks the plain language of the rule, and they interpret Fed. R. Civ. P. 26(a)(2)(B) as imposing a written report

---

[8]Fed. R. Civ. P. 26(a)(2)(B).

[9]Fed. R. Civ. P. 26(a)(2)(B).

[10]*Bowling v. Hasbro, Inc.*, No. C.A. 05-229S, 2006 WL 2345941 at *1 (D.R.I. Aug. 10, 2006) (examining the split among courts construing Rule 26(a)(2)(B).

[11]*Id.; Adams v. Gateway, Inc.*, No. 2:02 CV 106 TS, 2006 WL 644848 at *3 (D. Utah Mar. 10, 2006);  *Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co.*, 199 F.R.D. 320, 324 (D. Minn. 2000); and *Navajo Nation v. Norris*, 189 F.R.D. 610, 613 (E.D. Wash. 1999).

requirement only when an expert is retained or specially employed to provide expert testimony, or when the expert is an employee who regularly provides expert testimony.[12]

Although no District of Kansas case has expressly adopted or rejected either interpretation, the Kansas cases addressing the issue appear to require the expert to provide a written report only when the expert falls within the scope of the rule, i.e., when the expert "is retained or specially employed to provided expert testimony in the case or whose duties as an employee regularly involve giving expert testimony."[13]   In accordance with these cases, the Court holds that Defendants need not provide a report for every witness they designate under Fed. R. Civ. P. 26(a)(2)(A).  Instead, Defendants need only provide the report required by Fed. R. Civ. P. 26(a)(2)(B) for those witnesses who are "retained or specially employed to provided expert testimony in the case or whose duties as an employee regularly involve giving expert testimony."

###   B.   Burden of Proof

---

[12]*Bowling*, 2006 WL 2345941 at *1*;  McCulloch v. Hartford Life & Accidental Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004);  *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 688 (M.D. Ala. 2000); *Minn. Mining & Mfg. Co. v. Signtech, USA, Ltd.*, 177 F.R.D. 459, 461 (D. Minn. 1998); *Day v. Consol. Rail Corp.*, No. 95 CIV. 968 (PKL), 1996 WL 257654 at * 3 (S.D.N.Y. 1996).

[13]*See, e.g., Super Film of Am., Inc. v. UCB Films, Inc.,* 219 F.R.D. 649, 658 (D. Kan. 2004) (holding that a designated expert witness, because he regularly gave expert testimony in the course of his employment, was within the scope of Fed. R. Civ. P. 26(a)(2)(B)); *Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 477 (D. Kan. 2001) (explaining, in adherence to the plain language of Fed. R. Civ. P. 26(a)(2)(B), that a treating physician constitutes an expert within the scope of Fed. R. Civ. P. 26(a)(2)(B) only if she is specially retained for the purpose); *Marek v. Moore*, 171 F.R.D. 298, 299 (D. Kan. 1997) (noting that Fed. R. Civ. P. 26(a)(2)(B) applies to specially retained experts, but declining to articulate the rule as generally applying to all experts);  *Full Faith Church of Love West, Inc. v. Hoover Treated Wood Prods., Inc.*, No. Civ. A. 01-2597-KHV, 2003 WL 169015 at *1 (D. Kan. Jan. 23, 2003) (noting that every witness who offers expert testimony is not necessarily retained or specially employed to provide expert testimony).

Having determined that not every witness designated under Fed. R. Civ. P. 26(a)(2)(A) must provide a report, the Court must next determine which of the parties bears the burden of proof for the instant Motion, and whether that burden has been satisfied.  In *Marek v. Moore,*[14] this Court held that "the moving party . . . bears the burden to show valid grounds for striking the designation of [an] expert witness" for failure to comply with Fed. R. Civ. P. 26(a)(2)(B).  The Court agrees that the moving party should bear the initial burden of showing a valid ground for striking the expert witness designation.  If, however, the  party designating the expert does not produce a report for its designated expert under Fed. R. Civ. P. 26(a)(2)(B), then the burden should shift to the party designating the expert to demonstrate that its designated expert is not one "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony."  The party designating the expert should bear the burden because it is more likely to possess the information necessary to establish the status of the witness.

In this case, the Court finds that Plaintiff has met its initial burden of showing a valid basis for striking Defendants' designation of June A. Burgess, Roman A. Smith, and Chris Read, by asserting that Fed. R. Civ. P. 26(a)(2)(B) requires written reports to be provided for expert witnesses of a certain description, and those reports have not been provided.  The burden therefore should shift to Defendants to show that these designated expert witnesses are not within the scope of  Fed. R. Civ. P. 26(a)(2)(B).

Under this burden shifting framework, the Court finds that Defendants have failed to meet their burden of showing that three of their designated experts, June A. Burgess, Roman A. Smith, and Chris Read, are exempt from the report requirement set forth in Fed. R. Civ. P. 26(a)(2)(B).

---

[14]171 F.R.D. 298, 302 (D. Kan. 1997).

Defendants have provided no evidence from which the Court may conclude whether any of the named experts fall within the scope of Fed. R. Civ. P. 26(a)(2)(B).  Defendants only assert that the Rule 26(a)(2)(B) requirement that these employees give "expert testimony" "regularly" does not "appear to be satisfied here."   The basis for this assertion, however, is not revealed, and the information currently available to the Court does not allow it to determine whether the assertion is accurate.   The Court cannot ascertain whether Defendants' experts  are "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony," and should thus be required to provide a written report prepared and signed by the witness.  The Court therefore holds that Defendants have failed to meet their burden to show that their designated experts are exempt from the reporting requirements of Fed. R. Civ. P. 26(a)(2)(B).   Rather than strike Defendants' designations of these witnesses as requested by Plaintiff, the Court will require Defendants to serve revised expert designations.  If Defendants intend to use  Ms. Burgess, Mr. Smith, and Mr. Read to present evidence under Fed. R. Evid. 702, 703, or 705,  then Defendants shall provide for each either:  (1) the report required by Fed. R. Civ. P. 26(a)(2)(B), or (2) an affidavit certifying that the witness' duties do not include regularly giving expert testimony and that the witness is not specially retained or employed to provide expert testimony.  Defendants shall serve their revised expert designations, along with the reports or affidavits for each expert witness Defendants continues to designate, no later than **twenty (20) days from the date of this Memorandum and Order**.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Exclude Defendant's Expert Witnesses (doc. 48) is denied.

IT IS SO ORDERED.

7

Dated in Kansas City, Kansas on this 2nd day of November, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel